**SO ORDERED: August 1, 2013.**



_____
James M. Carr
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| PATRICIA JONE LAKEY, ) | Case No. 10-14922-JMC-7A |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| ELLEN K. FUJAWA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 12-50217 |
| ) | |
| IONE M. LAKEY, ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Plaintiff's Motion for Summary Judgment filed by Ellen Fujawa (the "Trustee") on January 21, 2013 (Docket No. 15) ("Trustee's Motion"), Plaintiff's Brief in Support of Motion for Summary Judgment filed on January 21, 2013 (Docket No. 16) ("Trustee's Brief"), Defendant's Cross-Motion for Summary Judgment filed by Ione M. Lakey (the "Defendant") on March 19, 2013 (Docket No. 19) ("Defendant's Motion), Defendant's Memorandum of Law in Support of Cross-Motion for Summary Judgment

and In Opposition to Plaintiff's Motion for Summary Judgment filed on March 19, 2013 (Docket No. 20) ("Defendant's Brief"), and Plaintiff's Supplemental Designation of Evidence, Reply in Support of Motion for Summary Judgment and Response to Defendant's Cross-Motion for Summary Judgment filed by the Trustee on April 2, 2013 (Docket No. 21) ("Trustee's Reply Brief"). The Court, having reviewed the Trustee's Motion, the Trustee's Brief, the Defendant's Motion, the Defendant's Brief, the Trustee's Reply Brief, and the evidence designated in those pleadings, the record in this adversary proceeding, and being otherwise duly advised, now **DENIES** the Trustee's Motion and **GRANTS** the Defendant's Motion.

*Jurisdiction*

This is an adversary proceeding to determine the Defendant's interest in property of the estate under 11 U.S.C. § 541 and Fed. R. Bankr. P. 7001(2). The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (b)(2)(O).

*Summary Judgment Standard*

Both parties move the Court to enter summary judgment in their favor pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056. To obtain a summary judgment, the moving party must show there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The burden rests on the moving party to demonstrate that there is an absence of evidence to support the case of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986). After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the nonmoving party to "go beyond the pleadings" to cite evidence of a genuine factual

dispute precluding summary judgment. *Id.* at 324, 106 S.Ct. at 2553. If the nonmoving party does not come forward with evidence that would reasonably permit the Court to find in its favor on a material question, then the Court must enter summary judgment against the nonmoving party. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986)).

*Background*

On September 30, 2010 (the "Petition Date"), Patricia Jone Lakey (the "Debtor") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code. On November 29, 2010, the Trustee filed a Notice of Possible Assets and Notice of Abandonment indicating that the Debtor's equity in real property located at 7715 Partridge Road, Indianapolis, IN 46227 (the "Real Estate") was possibly an asset of the bankruptcy estate. On June 26, 2012, the Trustee filed this adversary case against the Defendant asking that the Court enter judgment declaring that the Defendant has no interest in the Real Estate.

The facts are undisputed. On July 13, 2005, the Defendant transferred an interest in the Real Estate to the Debtor by a quitclaim deed (the "Quitclaim Deed"). The Quitclaim Deed provides that the Defendant conveys and quitclaims to the Debtor a "one-half undivided interest" in the Real Estate. Marion County real property records state that the Debtor is the sole owner of the Real Estate. The Trustee's title search report indicates that Meridian Title Corporation believes that the sole owner of the Real Estate is the Debtor.

*Arguments of the Parties*

The Trustee argues that the Defendant transferred her entire interest in the Real Estate by the Quitclaim Deed or, in the alternative, that the Trustee is entitled to rely on the Marion County real property records and the Trustee's title search to avoid the transfer because the Trustee is

afforded the status of a bona fide purchaser of the Debtor's interest in the Real Estate by 11 U.S.C. § 544. The Defendant argues that the effect of the Quitclaim Deed is plain on the face of the instrument and that the Trustee's status as a bona fide purchaser of the Debtor's interest in the Real Estate does not transfer to the Trustee any interest in the Real Estate beyond the interest held by the Debtor and does not excuse the Trustee from the effect of the relevant documents of transfer recorded in the public record.

*Reasoning*

Indiana Code § 32-17-2-2 provides that "A deed of release or quitclaim passes all the estate that the grantor may convey by a deed of bargain and sale." The Court understands this to mean that a quitclaim deed transfers all of the estate that the transfer instrument indicates is intended to be conveyed without warranty. The statutory provision does not mean that the grantor must convey the entire estate owned by the transferor in the real estate notwithstanding the clear indication in the deed to convey less than the entire fee.[1] Indiana courts have upheld the effectiveness of quitclaim deeds that transferred only a portion of the grantor's ownership interest. *See Marsh by Steadman v. Vigo County Dept. of Public Welfare*, 553 N.E.2d 1234 (Ind. Ct. App. 1990) (grantor conveyed one-half of his interest to grantee by quitclaim deed); *Poznic v. Porter County Development Corp.*, 779 N.E.2d 1185 (Ind. Ct. App. 2002) (railroad quitclaimed one-half of its interest in property to one grantee and then the other half of its interest to another grantee months later).

The purpose of deed construction is "to ascertain the intent of the parties and where there is no ambiguity in the deed, the intention of the parties must be determined from the language of the deed alone." *Clark v. CSX Transp. Inc.*, 737 N.E.2d 752, 757 (Ind. Ct. App. 2000). The only

---

[1] It is instructive to note that another section of Title 32 of the Indiana Code (§ 32-17-2-3) expressly countenances the transfer of a partial interest in real estate, a life estate, by quitclaim deed.

source of the Debtor's title to the Real Estate is the Quitclaim Deed. It is clear on the face of the Quitclaim Deed that a one-half interest in the Real Estate was transferred. Therefore, because there was no ambiguity in the Quitclaim Deed, the Debtor was in possession of an undivided one-half interest in the Real Estate on the Petition Date.

      Pursuant to 11 U.S.C. § 544, the Trustee has the status of a bona fide purchaser of the Debtor's real property. However, the Trustee's status only applies to the one-half interest in the Real Estate that the Debtor held on the Petition Date. The Trustee seeks to rely only on the Marion County real property records and the title search conducted by Meridian Title to support her contention that she is a bona fide purchaser with respect to the Real Estate. However, "record title is evidence of ownership…[b]ut recording does not establish ownership, and whether or not a deed is recorded has no effect on its validity." *Patterson v. Seavoy*, 822 N.E.2d 206, 211 (Ind. Ct. App. 2005). "Registration of a deed adds nothing to its effectiveness as a conveyance; all that it accomplishes is to impart notice." *Id*. at 211 (citing *Shirk v. Thomas*, 22 N.E. 976, 976-77 (Ind. 1889)). The purpose of the recording statute is to provide for the protection of subsequent purchasers or other interested parties; for example, "when multiple parties claim adverse interests in the same land, the date of the recording provides a means to determine priority among those claims." *Id.* There is no priority dispute at issue here because the Trustee does not assert that the Quitclaim Deed is ineffective but only that the Quitclaim Deed transfers more than the Defendant intended to transfer. Finally, "[a] purchaser of real estate is presumed to have examined the records of such deeds as constitute the chain of title thereto under which he claims, and is charged with notice, actual or constructive, of all facts recited in such records showing encumbrances, or the non-payment of purchase money." *Bank of New York v. Nally*, 820 N.E.2d 644, 648 (Ind. 2005) (citing *Smith v. Lowry*, 15 N.E. 17, 20 (Ind. 1888)).

Accordingly, as of the Petition Date, the Debtor held an undivided one-half interest (as tenant in common with Defendant) in the Real Estate, not ownership of the entire Real Estate, and the Trustee steps into the Debtor's shoes only with respect to that one-half interest. There is no genuine dispute as to any material fact and therefore the Defendant is entitled to judgment as a matter of law.

*Judgment*

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that summary judgment be, and hereby is, entered in favor of the Defendant, Ione M. Lakey, and against the Plaintiff, Ellen K. Fujawa.

# # #